## In re Escheat of Moneys in Custody of United States Treasury

G. C. Ladner and A. J. Creskoff, for petitioner.

C. D. McAvoy, United States attorney, contra.

LAMBERTON, J., July 18, 1935.—Philip Klein, as escheator of the Commonwealth of Pennsylvania, filed his petition in which he averred that on May 2, 1911, a proceeding was filed in the United States District Court for the Eastern District of Pennsylvania, as of April sessions 1911, no. 677, under the caption of Alice Frances Brown et al. v. Pennsylvania Canal Company, Pennsylvania Railroad Company et al.; that in said proceeding, a bill of complaint was filed asking that The Pennsylvania Railroad Company be required to pay the principal of certain bonds to the owners thereof; that an order was duly made by Honorable Oliver B. Dickinson, judge of said court, in favor of the bondholders; that the owners of certain bonds could not be located, and the court ordered the moneys payable to such bondholders to be paid into the registry of the United States District Court for the Eastern District of Pennsylvania, which was accordingly done on April 22, 1919; that the moneys remaining in the registry of the court were, on June 30, 1926, paid into the treasury of the United States under the provision of an Act of Congress of March 3, 1911, c. 224, 36 Stat. at L. 1083, 28 U. S. C. §852, providing as follows:

"In every case in which the right to withdraw money so deposited [in a depositary of the United States] has been adjudicated or is not in dispute and such money has remained deposited for at least five years unclaimed by the person entitled thereto, it shall be the duty of the judge or judges of said court, or its successor, to cause such money to be deposited in the Treasury of the United States, in the name and to the credit of the United States. Any person or persons or any corporation or company entitled to any such money may, on petition to the court from which the money was received, or its successor, and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant".

That said money still remains unclaimed, and is es-

cheatable to the Commonwealth of Pennsylvania under the acts of assembly of said Commonwealth.

The prayer of the petition is (1) that a hearing be held and that the court shall enter a finding that an escheat has occurred of said unclaimed moneys, except

"(a) such moneys as shall appear at the said hearing to have been claimed by or paid to persons lawfully entitled thereto between the filing of this petition and the date of the said hearing;

"(b) such moneys as may be claimed at the said hearing by persons lawfully entitled thereto",

and (2) that this court shall make an order empowering and directing that the Treasurer of the United States pay the said moneys to Philip Klein for and on behalf of the Commonwealth of Pennsylvania.

The United States Attorney for the Eastern District of Pennsylvania filed a motion to dismiss. The matter came up for hearing, and on February 21, 1935, we entered an order refusing the prayer of the petition. Subsequently, on the representation of counsel that additional legislation was pending at Harrisburg, we allowed a rule for a reargument, which is the matter now before us. Counsel was apparently of the opinion that the petition was discharged for purely procedural reasons, but this was not the case. The difficulty is fundamental. We might discuss the principle of escheat, procedure and sovereignty at great length, but this would serve no useful purpose. Our objections are definite and fundamental and can be very briefly stated.

In the first place, the money in question is in the Treasury of the United States. There is no act of assembly which provides for the escheat of such moneys to the Commonwealth of Pennsylvania.

In the second place, if such an act were in existence, it would be invalid. The right to take property by escheat is inherent in every sovereign, but is limited to property within the domain of that sovereign. Pennsylvania is a sovereign state, but so is the United States of America.

When money is in the Treasury of the United States, it is within the domain of the United States of America and cannot be escheated to the Commonwealth of Pennsylvania.

In the third place, if this be regarded as an action to escheat moneys under the control of the United States District Court, any enabling legislation is void, because the United States District Court was created by an Act of Congress, and can be controlled only by Congress. The State of Pennsylvania is powerless to control or direct the actions of a District Court of the United States, even though that District Court be within the geographical bounds of the State of Pennsylvania.

For the above reasons, this petition cannot prevail. It probably would have been better to have sustained the motion to dismiss, rather than to have discharged the petition, but the effect is the same.

And now, to wit, July 18, 1935, the rule for a reargument is discharged.